Oliver vs. Board of Liquidation.

## No.' 10,075.

### WILLIAM OLIVER VS. BOARD OF LIQUIDATION.

It is irregular to proceed by *rule* to compel a legal organization to perform a duty, however clearly imposed upon it.

The objection that such proceeding is unauthorized, and ought to be by *mandamus*, is well founded and cannot be disregarded.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*W. S. Benedict* for Plaintiff and Appellee.

*M. J. Cunningham*, Attorney General, for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an appeal from a judgment commanding the Board to fund certain State warrants, under act No. 3 of 1874, and other acts.

The Board of Liquidation charges that the judgment was rendered on an irregular proceeding by an incompetent court; that the judgment which recognizes the validity of the warrants, and which seems as a foundation for the demand to fund, is an absolute nullity, because rendered without citation duly served, and, on answer filed by and contradictorily with, the clerk of the then Attorney General; because the Board never had legal knowledge of the suit; because, had it been properly notified, it would have set up defenses, destructive at least in part, of plaintiff's pretensions, etc.

That judgment, rendered in November, 1884, by the Civil District Court for the Parish of Orleans, was affirmed by this Court in May, 1885. O. B. 59, fol. 410, No. 9337.

It may be that this judgment is a nullity, but that issue cannot be here passed upon, as the question of *form* of the proceeding to enforce it must be first decided, and the conclusion is in favor of the defendant Board.

The judgment brought up for review is rendered on a proceeding, the object of which is to have the warrants funded by the Board, as though the original judgment had directed the performance of that operation, by that organization.

It is unnecessary to determine whether that judgment, or the law, made it the duty of the Board to fund the warrants. Conceding that either did, the question arises, on the objection of the Board, whether this purpose can be accomplished otherwise than by *mandamus*.

21

The proceeding is by *rule*. The authorities are numerous that, in order to compel a legal organization to perform a duty, even if clearly imposed upon it, the proceeding ought to be by *mandamus*.

No doubt the question of form may be waived and the obligation to perform may be determined on a more summary proceeding by rule; but where objection is made to the form, it cannot be disregarded.

It is, therefore, ordered and decreed that the judgment appealed from be reversed and that the rule to fund be dismissed, with costs, in both courts.